# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| **SHAWN JOHNSON** | **CIVIL ACTION NO.: 23-168** |
| **VERSUS** | **DISTRICT JUDGE** |
| **BROOKSHIRE GROCERY COMPANY AND MATT KAYE** | **MAGISTRATE JUDGE** |
| | **JURY TRIAL DEMANDED** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF REMOVAL

NOW INTO COURT COMES, Defendant, Brookshire Grocery Company, through undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal of the captioned action now pending in the Eighth Judicial District Court for the Parish of Winn, State of Louisiana, Docket No. 47112. In support of its Notice of Removal, Defendant respectfully represents:

### COMMENCEMENT AND NATURE OF ACTION

1.

On or about November 4, 2022, Plaintiff, Shawn Johnson, initiated a legal action in the Eighth Judicial District Court for the Parish of Winn by filing a Petition for Damages styled "*Shawn Johnson v. Brookshire Grocery Company and Matt Kaye,*" bearing docket number 47112, which state court is within the jurisdiction of the Western District of Louisiana. Brookshire Grocery Company and Matt Kaye were named as defendants. A copy of Plaintiff's Petition is attached hereto as Exhibit A and incorporated herein by reference.

2.

In the Petition, Plaintiff asserted claims based on a slip and fall accident that occurred in Winn Parish, Louisiana, on or about September 21, 2022. Plaintiff alleged that he was a

customer at the Brookshires Grocery Store located in Winnfield, Louisiana and he slipped and fell as "he went around a corner to proceed down an aisle where water was leaking from a cooler." Exhibit A, Petition for Damages, at ¶ 3. Plaintiff alleged that he suffered personal injuries as a result of the accident. Nothing in the Petition indicated that the amount in controversy was in excess (or was not in excess) of $75,000.

3.

Brookshire Grocery Company was served with the Citation and Petition for Damages via CT Corporation System on November 28, 2022. *See* Exhibit B. Matt Kaye, an improperly joined defendant, was purportedly served through a court appointed curator on January 17, 2023.

4.

On February 6, 2023,[1] Brookshire received Plaintiff's discovery responses, which indicated that Plaintiff seeks to recover damages for cervical and lumbar disc herniations and in which Plaintiff specifically denied a request for admission requesting he admit that his damages are below than $75,000.00.

5.

This Notice of Removal is being filed within one year of commencement of the action and within 30 days of receipt of Plaintiff's discovery responses, which was Brookshire's first notice that the amount in controversy is met. Accordingly, this Notice of Removal is timely.

---

[1] Plaintiff's certificate of service indicates that the responses were transmitted by email and facsimile, but was, in fact, transmitted only by U.S. Mail.

PARTIES AND DIVERSITY OF CITIZENSHIP

6.

According to the allegations of the Petition, plaintiff, Shawn Johnson is domiciled in Winn Parish, Louisiana. Furthermore, based upon information and belief and the evidence available to Defendant to date, Shawn Johnson was a domiciliary of Louisiana at the time his Petition was filed in the Eighth Judicial District Court for the Parish of Winn, Louisiana, on November 4, 2022.

7.

Brookshire Grocery Company is incorporated in the State of Texas with its principal place of business in Tyler, Texas. Accordingly, defendant Brookshire Grocery Company is a domiciliary of the State of Texas. *See* Exhibit C, Affidavit of Verification.

8.

Plaintiff alleges that Matt Kaye is a domiciliary of the State of Louisiana. However, Kaye's domicile should be disregarded for the purpose of determining whether this Court has original jurisdiction under 28 U.S.C. § 1332, because Kaye is a non-diverse defendant improperly joined for the purpose of defeating diversity. *See Triplett v. DG Louisiana, LLC*, No. 19-11896, 2019 WL 5309968 (E.D. La. Oct. 21, 2019) (citing *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016)).

9.

Improper joinder can be demonstrated by showing either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013) (quoting *McKee v. Kan. City S. Ry. Co.*, 358 F.3d 329, 333 (5th Cir. 2004)).

Under the inability to establish a cause of action prong, the court must determine whether there is a "reasonable possibility of recovery, not merely a theoretical one." *Ross v. Citifinancial., Inc.*, 344 F.3d 458, 462 (5th Cir. 2003).

10.

Plaintiff alleges that "MATT KAYE was the manager of the store location at the time of the incident and he had a duty to ensure that employees regularly swept the store and identified and corrected any dangerous conditions. Additionally, MATT KAYE had a responsibility and duty to personally sweep the store and identify and correct dangerous conditions. On the date of the incident subject hereto, MATT KAYE breached his duties to ensure employees swept the store as well as his duty to personally sweep the store.

Exhibit A, Petition for Damages, at ¶ 5.

11.

Plaintiff further alleges that

"This accident was caused by the negligence of **MATT KAYE** in some or all of the following ways, but not limited hereto:

a. Failure to do as a reasonable store manager should do;
b. Failure to keep a good and proper lookout;
c. Failure to make sure the store employees swept the store on regular intervals;
d. Failing to identify substance;
e. Failing to teach store employees how to identify and correct dangerous conditions;
f. Failure to warn of the substance;
g. Failure to see what should have been seen;
h. Failure to take proper precautionary actions;
i. Res ipsa loquitur;
j. Negligence per se;
k. Any other acts and/or omissions of fault and/or negligence to be discovered."

Exhibit A, Petition for Damages, at ¶ 10. Stated simply, even if Kaye were a Brookshire employee, Plaintiff's allegations demonstrate that he seeks to hold Kaye liable for the general

administrative duties associated with employment functions. Plaintiff has not alleged any duty which has been breached through personal fault

12.

Matt Kaye has never worked for Brookshire Grocery Company and had no duty whatsoever. Kaye's domicile should be ignored for the purposes of determining jurisdiction and he should be dismissed from this action.

13.

Moreover, under Louisiana law which governs this diversity action, a store manager is only liable to third persons if they breach "an independent, personal duty" to the plaintiff. *See Tripplet*, 2019 WL 5309968, at *4 (citing *Black v. Lowe's Home Centers, Inc.*, 2010 WL 4790906, at *2 (M.D. La. Oct. 22, 2010) (citing *Brady v. Wal-Mart Stores, Inc.*, 907 F. Supp. 958, 958 (M.D. La. 1995); *Ford v. Elsbury*, 32 F.3d 931, 935-36 (5th Cir. 1994); *Canter v. Koehring Co.*, 283 So.2d 716, 721 (La. 1973))) and *Carbo v. Wal-Mart Louisiana, LLC*, 6:20-CV-01192, 2020 WL 7373504 (W.D. La. Nov. 30, 2020). Federal Courts interpreting Louisiana law have determined that there is no reasonable possibility of prevailing on claims against store managers individually where plaintiffs assert conclusory allegations, such as the manager "had actual or constructive knowledge of a dangerous condition," or merely allege that the manager "had care, custody and control and/or was responsible for providing and supervising the premises." This law warrants the same result even if plaintiff attempts to amend her Petition to name any individual employee who may have worked at the subject store location during the relevant time frame.

14.

Under the allegations of Plaintiff's Petition, he has no reasonable possibility prevailing on his claims against Kaye individually. Therefore, Kaye has been improperly joined, his domicile should be ignored for the purposes of determining diversity jurisdiction under 28 U.S.C. § 1332, and he should be dismissed from this action.

15.

On January 19, 2023, Plaintiff filed a Motion for Leave to File First Supplemental and Amended Petition, which purported to add additional individuals as defendants, all of which would solely be for the purpose of defeating diversity jurisdiction. However, at a hearing later that day, upon being reminded that Matt Kaye has never been an employee of Brookshire, Plaintiff agreed to withdraw the First Supplemental and Amended Petition.

16.

Moreover, the Court has not granted the Motion for Leave to file the First Supplemental and Amended Petition. Accordingly, the First Supplemental and Amended Petition has not been filed into the record. The duties of any individual store employee would solely be within the context of their general administrative duties and not rise to the level sufficient to warrant *personal* liability as instructed by this division of the Court in *Carter v. Wal-Mart Stores Inc.*, No. Civ.A. 04-0072, 2005 WL 1831092 (W.D. La. July 28, 2005) (Drell, J., presiding).

17.

At this time, the only two defendants are Brookshire and Kaye, and Kaye is improperly joined. Accordingly, only Brookshire's citizenship is relevant for the purposes of determining diversity jurisdiction.

18.

Complete diversity of citizenship exists between Plaintiff, Shawn Johnson, and the only defendant whose citizenship is relevant — Brookshire Grocery Company — as is required for original jurisdiction to vest in the United States District Court for the Western District of Louisiana, pursuant to 28 U.S.C. § 1332.

AMOUNT IN CONTROVERSY

19.

Removal of an action from state to federal court on the basis of diversity is proper if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

20.

Louisiana prohibits by statute pleading specific monetary amounts of damages in the context of most civil actions. In Paragraph 3 of the Petition for Damages, Plaintiff alleges that "he slipped on water landing on ground, causing serious bodily injuries." In Paragraph 15 of the Petition, Plaintiffs alleges that he sustained both general and special damages as a result.

21.

On December 9, 2022, Defendant propounded written discovery on Plaintiff; Defendant did not receive Plaintiff's answers until February 6, 2023. Upon receipt, it was discovered that Plaintiff was referred for a neurosurgical evaluation. Although Defendant reserves the right to dispute medical causation, Plaintiff's MRI reports demonstrated both cervical and lumbar disc herniations (copies of which will be presented to the Court for *in camera* upon request but are not attached hereto due to confidentiality). Specifically, certain cervical discs of Plaintiff present severe foraminal narrowing. Louisiana courts have found

general award damages for similar cervical and lumbar injuries and treatment to be in excess of $75,000. *See e.g., Burmaster v. State Farm Mut. Auto. Ins. Co.*, 2017-06965, 2019 WL 5459770 (La. Civil D. Ct. Mar. 13, 2019) (in which the trial court awarded $90,346.98 in general damages and medical expenses); and *Ridgel v. Chevalier*, 2019-0250 (La. App. 4 Cir. 1/8/19), 288 So.3d 192 (in which the Louisiana Fourth Circuit Court of Appeal affirmed a damage award of $140,523.00 in general damages and medical expenses). Moreover, Plaintiff specifically denied in his February 6, 2023 discovery responses that his damages are below the $75,000 threshold.

REMOVAL PROCEDURES

22.

Because complete diversity exists between Plaintiff and the only defendant whose citizenship is relevant herein, Brookshire Grocery Company, and because the amount in controversy exceeds the jurisdictional amount required by 28 U.S.C. § 1332, the United States District Court for the Western District of Louisiana is vested with original jurisdiction over this action pursuant to 28 U.S.C. § 1442, *et seq.*

23.

Pursuant to 28 U.S.C. § 1441 and Local Rule 77.3, removal is proper to the United States District Court for the Western District of Louisiana, Alexandria Division as the district court of the United States for the district and division embracing the place where this action is pending: the Eighth Judicial District Court for the Parish of Winn, State of Louisiana.

24.

This Notice of Removal is being filed within one year of commencement of the action and within 30 days of receipt of Plaintiff's discovery responses, which was Brookshire's first

notice that the amount in controversy is met. *See* 28 U.S.C. §§ 1446(b)(3), (c)(1), and (c)(3)(A).

25.

A copy of this Notice of Removal is being served upon all counsel of record as well as the court appointed curator for Matt Kaye, and Defendant will file a copy of this Notice with the Clerk of Court for the Eighth Judicial District for the Parish of Winn, State of Louisiana. A copy of the State Court Written Notice of Removal is attached hereto and made a part hereof as Exhibit D.

26.

A copy of the entire state court record is being requested and will be filed with this Court pursuant to 28 U.S.C. §1447(b).

27.

Defendant is entitled to and request a trial by jury on all issues.

WHEREFORE, notice is hereby given that this action is removed from the Eighth Judicial District Court for the Parish of Winn to the United States District Court for the Western District of Louisiana, Alexandria Division.

Dated this **7th** day of **February, 2023**.

Respectfully submitted,

**FAIRCLOTH MELTON SOBEL & BASH, LLC**

By:   */s/ Laura Beth Matthews*
      Laura Beth Matthews (LA #33862) (T.A.)
      lmatthews@fairclothlaw.com
      Lottie L. Bash (LA #26186)
      lbash@fairclothlaw.com
      Franklin "Drew" Hoffmann (LA #35824)
      dhoffmann@fairclothlaw.com
      Christopher Chesne (LA #38696)
      cchesne@fairclothlaw.com
      105 Yorktown Drive
      Alexandria, LA 71303
      Phone: (318) 619-7755
      Fax: (318) 619-7744

**ATTORNEYS FOR DEFENDANT, BROOKSHIRE GROCERY COMPANY**

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing *Notice of Removal* and exhibits have been served upon all counsel of record via US Mail and email.

Alexandria, Louisiana, this **7th** day of **February, 2023**

                                           */s/ Laura Beth Matthews*
                                                OF COUNSEL