STATE OF LOUISIANA * PARISH OF WINN

8TH JUDICIAL DISTRICT COURT

NO. 47112                                           DIVISION.

SHAWN JOHNSON

VERSUS

BROOKSHIRE GROCERY COMPANY
and MATT KAYE

FILED: _____                    _____

## PETITION FOR DAMAGES

The petition of **SHAWN JOHNSON** who is a person of the age of majority and domiciled in the Parish of Winn, State of Louisiana, respectfully represent as follows:

1.

The following parties are made defendants herein:

A. **BROOKSHIRE GROCERY COMPANY,** a non-Louisiana business corporation actually doing business in the State of Louisiana; and

B. **MATT KAYE,** a person of the full age of majority being domiciled in the Parish of Winn, State of Louisiana.

2.

Defendants are liable to plaintiffs for damages in an amount as is reasonable in the premises, legal interest, and all costs for the following reasons.

3.

On or about September 21, 2022, Shawn Johnson was a customer at the Brookshires Grocery Store located in Winnfield, Louisiana, when he went around a corner to proceed down an aisle where water was leaking from a cooler, when he slipped on the water landing on the ground, causing serious bodily injuries to plaintiff.

4.

Undersigned counsel has requested the identifying information from Jada Curtis, the claims representative for the claim subject to this lawsuit, for the individuals with knowledge regarding this claim and the identity of the store employees involved. Jada Curtis is employed by Sedgwick who is hired by Brookshires to manage their claims. In speaking with Jada Curtis, she confirmed that she has been instructed by Brookshires to not provide any information including any incident

**EXHIBIT A**

report, any identifying information regarding employees with knowledge or involvement, any video footage, etc.

5.

Based on justification and belief, **MATT KAYE** was the manager of the store location at the time of the incident and he had a duty to ensure that employees regularly swept the store and identified and corrected any dangerous conditions. Additionally, **MATT KAYE** had a responsibility and duty to personally sweep the store and identify and correct dangerous conditions. On the date of the incident subject hereto, **MATT KAYE** breached his duties to ensure employees swept the store as well as his duty to personally sweep the store.

6.

This accident was caused by the negligence of **MATT KAYE** in some or all of the following ways, but not limited hereto:

a. Failure to do as a reasonable store manager should do;

b. Failure to keep a good and proper lookout;

c. Failure to make sure the store employees swept the store on regular intervals;

d. Failing to identify substance;

e. Failing to teach store employees how to identify and correct dangerous conditions;

f. Failure to warn of the substance;

g. Failure to see what should have been seen;

h. Failure to take proper precautionary actions;

i. Res ipsa loquitur;

j. Negligence per se;

k. Any other acts and/or omissions of fault and/or negligence to be discovered.

7.

This accident was caused by the negligence of **BROOKSHIRE GROCERY COMPANY** in some or all of the following ways, but not limited hereto:

a. Failure to maintain safe store;

b. Failure to keep aisles and passageways in safe condition;

c. Negligent hiring;

d. Negligent training;

e. Negligent supervision;

    f. Failure to implement adequate policies and procedure;

    g. Failure to do as a reasonable grocery company;

    h. Failure to keep floor clean;

    i. Failure to maintain safety;

    j. Failure to pay proper attention;

    k. Failure to inspect;

    l. Failure to warn;

    m. Failure to exercise reasonable care;

    n. Creating conditions so as to distract customer from dangerous conditions on floor;

    o. Res ipsa locquitur; and

    p. Respondeat superior.

8.

This accident was caused by the negligence of **CURRETNLY UNIDENTIEID EMPLOYEES OF BROOKSHIRE GROCERY COMPANY** in some or all of the following ways, but not limited hereto:

    a. Failure to do as a reasonable grocery employee would do;

    b. Failure to keep floor clean;

    c. Failure to maintain safety;

    d. Failure to pay proper attention;

    e. Failure to inspect;

    f. Failure to warn;

    g. Failure to exercise reasonable care;

    h. Failure to keep aisles and passageways in safe condition for customers;

    i. Creating conditions so as to distract customer from dangerous conditions on floor; and

    j. Res ipsa locquitur.

9.

The substance on the floor constituted a dangerous condition.

10.

At the time of the incident sued on herein and at all pertinent times, Matt Kaye and other employees (whose names have been willfully withheld) were an employee of Brookshire Grocery

Company, meaning Brookshire Grocery Company is responsible for all acts and omissions committed by Matt Kaye and other employees via respondeat superior and vicarious liability.

11.

Matt Kaye, other employees of the store location and Brookshire Grocery Company had either actual and/or constructive notice of the substance at the time of Mr. Johnson's slip and fall.

12.

As a result of the incident sued on herein **SHAWN JOHNSON**, received injuries to his body, which include, the following particulars:

1. Pain and suffering;
2. Past, present and future medical expenses;
3. Past, present and future physical pain and suffering;
4. Past present and future mental pain and anguish;
5. Lost of enjoyment of life;
6. Anxiety;
7. Past, present and future mental distress;
8. Injury to neck;
9. Contusion to neck;
10. Pain in neck;
11. Subluxation of cervical spine;
12. Injury to low back;
13. Contusion to low back;
14. Pain in low back;
15. Subluxation of lumbar spine; and
16. Other damages as they continue to accrue through trial.

13.

As a result of the aforesaid negligence in causing the above-described incident and resulting injuries, the defendants are liable under La. C.C. Art. 2315, et seq., for all of plaintiff's damages that he sustained as a result of the above-described incident.

14.

The dangerous condition encountered by Petitioner which caused his slip and fall and injuries is reasonably believed to have occurred due to a a ruin, vice or defect in the building, the

defendants are liable under La. C.C. Art. 2317.1 and/or 2322 for all of plaintiff's damages that he sustained as a result of the above-described incident.

15.

As a result of the fault and negligence of defendants, plaintiff sustained general and special damages as enumerated in Paragraph 12 above.

16.

Jada Curtis represented that the last known employee in the area of the spill and Mr. Johnson's incident was last in the area between 30 minuets to 1 hour prior to Mr. Johnson's fall.

17.

Jada Curtis represented that there is video of the incident and area of the fall and it has been represented that the video has been preserved based on a letter of preservation sent to Sedgwick. In the event that the video has not been properly preserved, petitioner reserves the right to raise the issue of spoilation of evidence as a separate cause of action and as an evidentiary presumption.

18.

Undersigned counsel requested that video from the store video of the actions going on in the store for the period of time leading up to, during, and subsequent to the events made basis herein. Under the precedent set in *Connie Sullivan v. Brookshire Grocery Company, et al*, 54,535 (La. 2d. Cir. 9/21/22), Brookshire is on notice that the video footage request would be "good evidence" to show employees going through the store for periodic inspections.[1] To the extent this evidence has not been preserved and/or maintained, petitioner reserves the right to raise the issue of spoilation of evidence as a separate cause of action and as an evidentiary presumption.

19.

The plaintiff avers that it will be necessary to employ experts herein, including, but not limited to, medical experts and/or liability expert and/or accident re-constructionists, and/or economists and/or life-care planners to testify at the trial of this matter and as such a result, the expert witness fees should be taxed as costs and defendants should be condemned to pay same along with all other costs.

**WHEREFORE**, plaintiff prays that defendants be duly cited and after due proceedings had, plaintiff be awarded damages in an amount as is reasonable including judicial interests, all costs and fees.

---

[1] As per the deposition testimony of Wayne Blauert, corporate representative of Brookshire.

Respectfully submitted,

HALES & STRICKLAND

_____
MYRT T. HALES, JR (No. 6426)
myrt@haleslawoffice.net
JOSHUA L. STRICKLAND (No. 36690)
josh@haleslawoffice.net
802 Julia Street
PO Drawer 149
Rayville, Louisiana 71269
318-728-4413
Fax: 318-728-6773
*Counsel for Plaintiff Shawn Johnson*

**PLEASE SERVE:**

**BROOKSHIRE GROCERY COMPANY**
Through its registered agent
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

**MATT KAYE**
At his place of employment
Brookshire Grocery
817 W. Court St.
Winnfield, LA 71483

STATE OF LOUISIANA * PARISH OF WINN

8TH JUDICIAL DISTRICT COURT

NO.                                                           DIVISION.

SHAWN JOHNSON

VERSUS

BROOKSHIRE GROCERY COMPANY
and MATT KAYE

FILED: _____                              _____

TO:   CLERK OF COURT, WINN PARISH

**REQUEST FOR WRITTEN NOTICE**

**PLEASE TAKE NOTICE** that the undersigned counsel, attorneys for plaintiff, **SHAWN JOHNSON** does hereby request written notice of the date of trial of the above entitled and captioned matter, as well as notice of hearings (whether on merits or otherwise), orders, judgments, interlocutory decrees, and any and all formal steps taken by the parties herein, the Judge or any member of the Court, as provided in Louisiana Code of Civil Procedure of 1960, particularly Articles 1572, 1913, and 1914.

 

                                                        Respectfully submitted,

                                                        HALES & STRICKLAND

                                                        _____
                                                        MYRT T. HALES, JR (No. 6426)
                                                        myrt@haleslawoffice.net
                                                        JOSHUA L. STRICKLAND (No. 36690)
                                                        josh@haleslawoffice.net
                                                        802 Julia Street
                                                        PO Drawer 149
                                                        Rayville, Louisiana 71269
                                                        318-728-4413
                                                        Fax: 318-728-6773
                                                        *Counsel for Plaintiff Shawn Johnson*

STATE OF LOUISIANA * PARISH OF WINN

8TH JUDICIAL DISTRICT COURT

NO.                                                                 DIVISION.

SHAWN JOHNSON

VERSUS

BROOKSHIRE GROCERY COMPANY
and MATT KAYE

FILED: _____                              _____

STATE OF LOUISIANA:

PARISH OF RICHLAND

### VERIFICATION

**BEFORE ME,** the undersigned Notary Public in and for the State of Louisiana, Parish of Richland, came and appeared **SHAWN JOHNSON**, who first being sworn, did depose and say:

That he is the Petitioner named in the above and foregoing Petition, that he has read same and all of the facts and allegations are true and correct to the best of his knowledge, information and belief.

_____
SHAWN JOHNSON

SWORN TO AND SUBSCRIBED, before me, Notary this 31 day of October, 2022.

_____
NOTARY PUBLIC
Print name: Josl Strickland
Notary/Bar No.: 36690

MY COMMISSION EXPIRES AT MY DEATH